IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

JAMES BERNARD WRIGHT,

    Plaintiff,

vs.                                                                                         No. CIV 23-0651 JB/DLM

BOARD OF COUNTY COMMISSIONERS OF
THE COUNTY OF BERNALILLO,

    Defendant.

## MEMORANDUM OPINION AND ORDER

**THIS MATTER** comes before the Court following the Plaintiff's failure to prosecute his pro se Civil Complaint, filed June 21, 2023 (Doc. 1-1)("Complaint"). The Honorable Damian L. Martínez, United States Magistrate Judge for the United States District Court for the District of New Mexico, entered an Order to Show Cause, filed January 17, 2024 (Doc. 10)("Show Cause Order"), requiring Plaintiff James Wright to provide a current address, as the website for the Metropolitan County Detention Center ("MDC") in Albuquerque, New Mexico, showed that Wright no longer is in MDC's custody. Wright has not updated his address, and the February 16, 2024, deadline to update has now passed. Having reviewed applicable law and the record, the Court will dismiss this case without prejudice.

## BACKGROUND

Wright commenced this case on June 21, 2023, by filing his civil Complaint in the Second Judicial District Court, Bernalillo County, New Mexico, when he was incarcerated at MDC. See Complaint at 1. Defendant Board of County Commissions of Bernalillo County removed the case to the United States District Court for the District of New Mexico on August 7, 2023. See Notice of Removal, filed August 7, 2023 (Doc. 1). The Court referred the matter to Magistrate Judge

Martínez for recommended findings and disposition, and to enter non-dispositive orders. See Order of Reference Relating to Prisoner Cases, filed August 8, 2023 (Doc. 5). The Board of County Commissioners filed a Motion to Dismiss, on August 9, 2023 (Doc. 6). On January 16, 2024, Magistrate Judge Martínez searched the MDC website, which indicated that Wright was longer in custody. See https://gtlinterface.bernco.gov/custodylist (visited January 16, 2024). Accordingly, Magistrate Judge Martínez entered the Show Cause Order requiring Wright to provide a current address as required by D.N.M. LR-Civ. 83.6. See Show Cause Order at 1. The deadline to comply was February 16, 2024, and Wright did not update his address or otherwise respond to the Show Cause Order. The MDC Website still shows that Plaintiff is not in custody. See https://gtlinterface.bernco.gov/custodylist (visited February 27, 2024). The Court therefore will consider whether to dismiss this matter for lack of prosecution and for failure to comply with rules and orders.

## ANALYSIS

Rule 41(b) of the Federal Rules of Civil Procedure authorizes the involuntary dismissal of an action "[i]f the plaintiff fails to prosecute or to comply with the [Federal Rules of Civil Procedure] or a court order." Fed. R. Civ. P. 41(b). See Reed v. Bennett, 312 F.3d 1190, 1195 (10th Cir. 2002)("A district court undoubtedly has discretion to sanction a party for failing to prosecute or defend a case, or for failing to comply with local or federal procedural rules."). As the United States Court of Appeals for the Tenth Circuit has explained, "the need to prosecute one's claim (or face dismissal) is a fundamental precept of modern litigation . . . ." Rogers v. Andrus Transp. Services, 502 F.3d 1147, 1152 (10th Cir. 2007). "Although the language of Rule 41(b) requires that the defendant file a motion to dismiss, the Rule has long been interpreted to permit courts to dismiss actions sua sponte for a plaintiff's failure to prosecute or comply with the

rules of civil procedure or court orders." Olsen v. Mapes, 333 F.3d 1199, 1204 n. 3 (10th Cir. 2003).

"Dismissals pursuant to Rule 41(b) may be made with or without prejudice." Davis v. Miller, 571 F.3d 1058, 1061 (10th Cir. 2009). If dismissal is made without prejudice, "a district court may, without abusing its discretion, enter such an order without attention to any particular procedures." Nasious v. Two Unknown B.I.C.E. Agents, at Arapahoe Cty. Justice Center, 492 F.3d 1158, 1162 (10th Cir. 2016)("Nasious"). Because "[d]ismissing a case with prejudice, however, is a significantly harsher remedy[, the Tenth Circuit has] held that, for a district court to exercise soundly its discretion in imposing such a result, it must first consider certain criteria." Nasious, 492 F.3d at 1162. Those criteria include: "the degree of actual prejudice to the defendant; the amount of interference with the judicial process; the culpability of the litigant; whether the court warned the party in advance that dismissal of the action would be a likely sanction for noncompliance; and the efficacy of lesser sanctions." Nasious, 492 F.3d at 1162 (citing Olsen v. Mapes, 333 F.3d at 1204).

Here, Wright has not provided a current address as D.N.M. LR-Civ. 83.6 requires and appears to have severed contact with the Court. Accordingly, the Court will dismiss this case pursuant to rule 41(b) for failure to prosecute. See Olsen v. Mapes, 333 F.3d at 1204. After considering the factors in Nasious, the dismissal will be without prejudice. The Court also will deny the Defendant's Motion to Dismiss, which is now moot.

**IT IS ORDERED** that: (i) the Plaintiff's Civil Complaint, filed June 21, 2023 (Doc. 1-1), is dismissed without prejudice; (ii) the Motion to Dismiss, on August 9, 2023 (Doc. 6), is denied; and (iii) the Court will enter a separate Final Judgment disposing of this civil case.

- 4 -

                                                                                                          _____
                                                                                                          UNITED STATES DISTRICT JUDGE

*Parties and counsel:*

James Bernard Wright
Albuquerque, New Mexico

        *Plaintiff pro se*

Daniel J. Macke
Macke Law & Policy, LLC
Albuquerque, New Mexico

        *Attorneys for the Defendant*